UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA M. ARNOLD,

    Plaintiff,

v.

JIM VANPAEMEL and
FIFTH THIRD BANK LAW
DEPARTMENT,

    Defendants.

Case No. 2:16-cv-13112
Honorable Laurie J. Michelson

## OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

According to her complaint, Angela Arnold purchased a car from Victory Motors, and when she tried to trade that car in, she learned that an insurance company had deemed the car "a total loss." (R. 1, PID 1.) Arnold thus sued the owner of Victory Motors, Jim Van Paemel, and Fifth Third Bank's legal department. Her complaint raises only one claim: that Defendants violated the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), by engaging in a deceptive act or practice when they sold her the car. (R. 1, PID 4.). (In Arnold's reply to Fifth Third's answer to Arnold's complaint, Arnold invokes the Equal Credit Opportunity Act. But Arnold's reply to an answer is an improper pleading absent a court order. *See* Fed. R. Civ. P. 7(a); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, No. 06-C-611-C, 2007 WL 5595952, at *10 (W.D. Wis. June 14, 2007).)

Van Paemel (but not Fifth Third) has moved to dismiss Arnold's complaint on two grounds: that this Court lacks subject-matter jurisdiction over Arnold's claim and that he is not a proper defendant to this lawsuit. (R. 5.)

Addressing one part of Van Paemel's motion is straightforward. He is correct that there is no implied private right of action under the provision of the Federal Trade Commission Act that Arnold invokes. *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *Davis v. Citimortgage, Inc.*, No. 0:15-CV-04643-MGL, 2016 WL 4040084, at *4 (D.S.C. July 28, 2016); *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000).

The consequence of this determination is less straightforward. On the one hand, it appears that this Court should dismiss Arnold's complaint for lack of subject-matter jurisdiction. It is well settled that a federal claim that is clearly "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous" cannot trigger federal-question jurisdiction under 28 U.S.C. § 1331. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Additionally, in *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 622 (6th Cir. 2000), the Sixth Circuit explained that if there was no implied private right of action (under a different statute), the plaintiff would not have *constitutional* standing to sue, i.e., the federal courts would lack subject-matter jurisdiction. If there is no real federal question or Arnold lacks constitutional standing, her complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

On the other hand, perhaps dismissal on the merits is proper. Constitutional standing only requires a plaintiff to show "(1) [she] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Soehnlen v. Fleet Owners Ins. Fund*, — F.3d —, No. 16-3124, 2016 WL 7383993, at *3 (6th Cir. Dec. 21, 2016) (internal

quotation marks omitted). Here, if Arnold's assertions are true, the dealership sold her a lemon. That would be a concrete injury traceable to the dealership owned by Van Paemel. And it would be the type of injury which courts can redress.

Moreover, in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, — U.S. —, 134 S. Ct. 1377, 1387 (2014), the Supreme Court was explicit that the question of whether the plaintiff was "within the class of plaintiffs whom Congress has authorized to sue under [15 U.S.C.] § 1125(a)" was not a question of constitutional standing but a question of whether the plaintiff "ha[d] a cause of action under the statue." *See also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 360 (2d Cir. 2016) (applying *Lexmark* and finding that the question of whether psychiatrists could sue under ERISA, which permits suit to be brought "by a participant, beneficiary, or fiduciary," was not a question of constitutional standing). If the existence of a private right of action under 15 U.S.C. § 45(a)(1) is not a question of standing, and if Arnold's invocation of that provision is not clearly frivolous or "solely for the purpose of obtaining jurisdiction," then Arnold's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

In this case, either the Rule 12(b)(1) or Rule 12(b)(6) route end in the same place. Arnold's Federal Trade Commission Act claim must be dismissed. But Arnold is *pro se* and claims she was sold a lemon. Dismissing her complaint with prejudice under Rule 12(b)(6) would be too "harsh [a] sanction." *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990) ("The grant of a 12(b)(6) motion is an adjudication on the merits, unless the district court specifies the dismissal is without prejudice. The decision to dismiss with prejudice is a harsh sanction, but the choice lies within the discretionary power of the district court, and we will not reverse absent a clear showing of abuse of discretion." (citations omitted)). As such, this Court

DISMISSES Arnold's complaint WITHOUT PREJUDICE whether for lack of subject-matter jurisdiction or for failure to state a claim.

SO ORDERED.

Dated: January 13, 2017

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2017.

s/Keisha Jackson  
Case Manager